IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE WYATT, JR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-2423-D-BK |
| | § | |
| KATHIE HIGGINS, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to the District Judge's *Order of Reference*, Doc. 15, this cause is before the Court for a recommendation. For the following reasons, the undersigned recommends that the case be **DISMISSED WITHOUT PREJUDICE**.

Since the inception of this case in July 2014, Plaintiff has filed three *pro se* complaints. Doc. 2; Doc. 10; Doc. 14. The undersigned first warned Plaintiff that his original complaint was not in compliance with Rule 8(a) of the Federal Rules of Civil Procedure shortly after he filed it. Doc. 5. Upon review of Plaintiff's most recent complaint, filed September 15, 2014, Doc. 14, the Court again warned Plaintiff that it failed to: (1) comply with Rule 8(a); and (2) provide facts or law supporting subject-matter jurisdiction in this Court. Accordingly, on September 18, 2014, the undersigned ordered Plaintiff to submit an amended complaint, on or before September 30, 2014, that was in compliance with Rule 8(a) and alleged specific facts against the named Defendants that would give rise to this Court's subject-matter jurisdiction.[1] Doc. 17. Additionally, the Court advised Plaintiff that the order served as his final warning, and that if he failed to comply therewith, the undersigned would recommend dismissal of this case for failure

---

[1] The Court's subject-matter jurisdiction is an issue of the utmost importance, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *See System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

to comply with a Court order and/or for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Doc. 17.

Plaintiff's deadline for compliance has now passed, and as of the date of this recommendation, he has not submitted an amended complaint as directed by the Court.[2] Accordingly, the undersigned recommends that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for want of prosecution, pursuant to Rule 41(b).

**SO RECOMMENDED** on October 6, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Although Plaintiff filed both a *Motion to Consolidate Hearing* and a supporting affidavit on September 25, 2014, neither of these documents can be liberally construed as an amended complaint in compliance with the Court's order. Doc. 18; Doc. 19.