IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE WYATT, JR., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-2423-D-BK |
| | § | |
| KATHIE HIGGINS, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to the District Judge's *Order of Reference*, Doc. 15, this cause is before the Court for a recommendation. For the following reasons, the undersigned recommends that the case be **DISMISSED WITHOUT PREJUDICE**.

Since the inception of this case in July 2014, Plaintiff has filed three *pro se* complaints. Doc. 2; Doc. 10; Doc. 14. The undersigned first warned Plaintiff that his original complaint was not in compliance with Federal Rule of Civil Procedure 8(a) shortly after he filed it. Doc. 5. Upon review of Plaintiff's most recent complaint, Doc. 14, the Court again warned Plaintiff that it failed to (1) comply with Rule 8(a); or (2) provide facts or law supporting subject-matter jurisdiction in this Court. That complaint states *in toto* the following:

1. Allegation of Jurisdiction section 427
2. Rule 9. Pleading special matter <A><B><C>. d. E. f. H. <B> fraud mistake Condition of time mind in all averments of Fraud or mistake the circumstances constituting Fraud or mistake shall be stated with particularly malce [sic] intent knowledge and other condition of mind of a person maybe avered [sic] generally
3. See Title 28-Part VI.-chapter 171-268. A.B.H. <B> Any Claims aring [sic] out of loss miscarriage or Negligent transmission of united state posted or letter or correspondent or mailed or u.s. postal matter see Fed.R.Civ.P. Rule 64-65-66-67-68-69 70-71 Rule 65.01. Rule 15 B C A D F.
4. That with regard to the acts or omission of investigative or Law
5. The Plaintiffs is sue and claims damaged against all respondents or defendants in the sum of Five million dollars. With the interest rate of percent and court costs This Done And Entered on this the 15. day of March AD 2012 signed [Plaintiff's signature].

Actual Fraud Can be proved only where the following Five Elements are present <1.>. A. statement of a material <important> fact is made <2> The present [sic]

> Who Makes it Knows it is fales [sic] <3> he makes it to deceive the other person <4> The person to Whom the statements is made justifiable [sic] relies on its and <5> suffered harm as a result ….. false statements There can be no fraud without a misrepresentative [sic], Which is a false statements or lie about a part or existing facts nether [sic] a  prediction of thing to come nor a promise can givers [sic] rise to in action for fraud.
> 
>                    Pro-se signed by [Plaintiff's signature and address]

Doc. 14 at 1-2.

Because of the obvious pleading deficiencies, the Court gave Plaintiff until September 30, 2014, to submit an amended complaint that was both in compliance with Rule 8(a) and alleged specific facts against the named Defendants that would give rise to this Court's subject-matter jurisdiction.  Doc. 17.  Defendant failed to submit an amended complaint as directed by the Court.  Although Plaintiff filed both a *Motion to Consolidate Hearing* and a supporting affidavit on September 25, 2014, neither of these documents could be liberally construed as an amended complaint in compliance with the Court's order.  Doc. 18; Doc. 19.  Accordingly, the undersigned recommended that this case be dismissed without prejudice for failure to comply with a Court order and for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

When Plaintiff thereafter filed various other documents, including one in which he invoked Rule 15 of the Federal Rules of Civil Procedure, which suggested that he wanted to amend his complaint, the district judge re-referred the matter to the magistrate judge.  The undersigned then issued a *Third Notice of Deficiency and Order*, again warning Plaintiff that his complaint was deficient for the reasons previously stated.  Doc. 26.  The Court noted that while Plaintiff had filed some pleadings that suggested he intended to prosecute his case, he could not proceed until he filed a legally sufficient complaint.  Doc. 26 at 2.  Accordingly, the Court gave

2

Plaintiff until November 3, 2014, to file an amended complaint in compliance with Rule 8(a) which alleged specific facts against the named Defendants that would give rise to this Court's subject-matter jurisdiction. Doc. 26 at 2. The undersigned warned Plaintiff that if he failed to comply with the order, the Court would recommend dismissal of his case for failure to comply with a Court order and/or for want of prosecution under Federal Rule of Civil Procedure 41(b). Doc. 26 at 2.

Plaintiff's deadline for compliance has now passed, and he has not submitted an amended complaint as directed by the Court. Instead, he submitted a document entitled *Rule 36 Requests for Admission*, which discusses the standards of pleading under Rule 8, cites to various other civil procedure rules, and attaches a proposed judgment and securities tender in his favor for $20 billion as well as prior orders entered in his case. Doc. 27. Plaintiff also filed another document, which he entitled *Motion*, which (1) invokes Rules 8, 15, 19, and 41 and partially setting forth the text of the rules; (2) purports to set forth the jurisdiction of "court commissioners"; and (3) requests the entry of default judgment in his favor for 20 billion dollars. Doc. 28 at 1-3. Even given the most liberal construction, neither of these pleadings can be construed as an amended complaint that would comply with the Court's clear and repeated instructions. Accordingly, the undersigned recommends that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order.

**SO RECOMMENDED** on November 6, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE